**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Manuel Ceballos Padilla,<br><br>　　　　Plaintiff,<br><br>v.<br><br>Pamela Bondi, et al.,<br><br>　　　　Defendants. | No. CV-24-00332-TUC-JCH<br><br>**ORDER** |

In this case, pro se Plaintiff Manuel Ceballos Padilla originally brought five counts against various federal officials for violations of the Administrative Procedure Act ("APA"). The Court screened Plaintiff's Complaint and allowed Plaintiff to move forward with his first and second counts against former U.S. Attorney General Merrick Garland, former United States Customs and Immigration Service Director Ur Jaddau, and former Secretary of Homeland Security Alejandro Mayorkas in their official capacities.[1] *See generally* Doc. 6. Before the Court is Defendants' Motion to Dismiss (Doc. 15). For the following reasons, the Court will grant Defendants' Motion and dismiss Plaintiff's Complaint and this action with prejudice.

///

///

///

---

[1] Pursuant to Federal Rule of Civil Procedure 25(d), U.S. Attorney General Pamela Bondi, Senior Official Performing the Duties of the Director of USCIS Kika Scott, and U.S. Secretary of Homeland Security Kristi Noem are automatically substituted for their predecessors.

I. **Factual Background**

The Court's prior Screening Order provides a comprehensive summary of the facts alleged in the Complaint. *See* Doc. 6 at 5–8. That factual background is incorporated here by reference. Defendants' version of the facts relevant here—supported by affidavit and exhibits—are as follows[2]:

Before 2020, when Plaintiff filed the first Form I-131 at issue here, Plaintiff was convicted of several crimes and either agreed to voluntary removal or was removed from the United States multiple times. *See* Doc. 15-1 at 6–8 (summarized timeline of Plaintiff's immigration and criminal history).

Plaintiff filed his first Form I-131, Application for Travel Document (parole) on November 23, 2020. Doc. 15-1 at 8. On his Form I-131, Plaintiff listed a physical address in Mexico, requested the travel document be sent to the Consulate in Nogales, Mexico, and checked a box stating that he was outside of the United States and applying for an advance parole document. *Id.* at 3. Under standard agency policy, the USCIS Vermont Service Center ("VSC"), where Plaintiff sent his application, does not have jurisdiction over Form I-131s for individuals outside the United States seeking advance parole. *Id.* at 3. Still, it was VSC practice to adjudicate an erroneously submitted application if the application could be worked into another filing category for which VSC did have jurisdiction. *Id.* at 4. Because Plaintiff did not submit the required fee and had another related application pending, VSC assumed Plaintiff had made the common error of checking the wrong box and followed its regular practice of approving the application as if Plaintiff was seeking to return to the United States after temporary foreign travel. *Id.* Typically, these types of applications are only approved for people physically present in the United States and seeking advance authorization to travel abroad. *Id.* Accordingly, it is VSC practice to send the approvals to a physical address. *Id.* at 4–5. On May 19, 2021, USCIS approved Plaintiff's Form I-131, which was valid until May 18, 2022. *Id.* at 9. USCIS systems

---

[2] Defendants have moved to dismiss the Complaint for lack of jurisdiction under Federal Rule of Civil Procedure 12(b)(1). Because Defendants bring a factual challenge, the Court is permitted to consider evidence outside the Complaint and need not accept Plaintiff's allegations as true. *See infra* Section III.

indicate the approval notice was mailed to Plaintiff's listed physical address and never returned as undeliverable. *Id.* at 3.

Although VSC erroneously approved Plaintiff's first Form I-131, VSC at no time had jurisdiction over Plaintiff's application. *Id.* at 5–6. Pursuant to a 2008 Memorandum of Agreement between USCIS, Immigration and Customs Enforcement ("ICE"), and Customs and Border Protection ("CBP"), "an alien outside the United States who is currently in removal proceeding, who has been removed, or who has a final order of removal must request parole authorization from ICE." *Id.* at 5.[3] Because Plaintiff had a final order of removal before filing his Form I-131, he should have filed it with ICE. *Id.* at 5–6. Plaintiff was never eligible for the relief he sought from USCIS. *Id.* at 6.

On March 3, 2022, Plaintiff filed his second Form I-131 with USCIS. Doc. 15-1 at 9. On May 30, 2024, USCIS transferred this Form I-131 to ICE. *Id.* On October 18, 2024, after Plaintiff filed his Complaint, ICE denied this application. *Id.*

## II. Procedural History

Plaintiff filed his five-count Complaint in July 2024. *See* Doc. 1. In Count One, Plaintiff asks the Court to order USCIS to produce and mail the travel document approved in 2021. *Id.* at 30. In Count Two, Plaintiff asks the Court to order USCIS to review his 2022 application for re-parole "as they adjudicate[d] and approved the first application." *Id.* In Count Three, Plaintiff alleges "Defendants['] delay in excess of two years is unreasonable and therefore violates 5 U.S.C. § 555(b)." *Id.* at 31. In Count Four, Plaintiff alleges "Defendants have failed to issue work authorization to the Plaintiff for more than two years" in violation of "INA § 214(p)(6) and 5 U.S.C. § 555(b)." *Id.* at 32. In Count Five, Plaintiff asks the Court to order USCIS to grant Plaintiff's asylum application, which has been pending for three years. *Id.* at 33.

The Court screened Plaintiff's Complaint and found that Counts One and Two stated a claim under the APA. *See* Doc. 6 at 9–12. The Court dismissed Counts Three through Five for failure to state a claim and dismissed all Defendants except Defendants Garland,

---

[3] *See* Memorandum of Agreement 6 (Sept. 2008), https://www.ice.gov/doclib/foia/reports/parole-authority-moa-9-08.pdf).

1  Jaddau, and Mayorkas. *Id.* at 13–15. Based on the findings, the Court allowed Plaintiff to
2  either move forward and serve the remaining Defendants or amend the Complaint. *Id.* at 15.
3  Plaintiff chose to serve the remaining Defendants with Counts One and Two. *See*
4  Docs. 8–12. Defendants Bondi, Scott, and Noem (now substituted for Defendants Garland,
5  Jaddau, and Mayorkas) have moved to dismiss both Counts.

**III.   Legal Standard**

A court must dismiss claims over which it lacks subject matter jurisdiction. Fed. R. Civ. P. 12(b)(1). A Rule 12(b)(1) challenge may be either facial or factual. *Safe Air for Everyone v. Meyer*, 373 F.3d 1035, 1039 (9th Cir. 2004). In a facial attack, a court may dismiss a complaint when the allegations and documents attached to the complaint are insufficient to confer subject matter jurisdiction. *See Savage v. Glendale Union High Sch. Dist. No. 205*, 343 F.3d 1036, 1039 n.2 (9th Cir. 2003). In this context, all allegations of material fact are taken as true and construed in the light most favorable to the nonmoving party. *Doe v. Holy See*, 557 F.3d 1066, 1073 (9th Cir. 2009). By contrast, when a court evaluates a factual challenge to jurisdiction, it is "free to weigh the evidence and satisfy itself as to the existence of its power to hear the case" and need not presume the truthfulness of the plaintiff's allegations. *Safe Air for Everyone*, 373 F.3d at 1039. "Once the moving party has converted the motion to dismiss into a factual motion by presenting affidavits or other evidence properly brought before the court, the party opposing the motion must furnish affidavits or other evidence necessary to satisfy its burden of establishing subject matter jurisdiction." *Id.* (quoting *Savage*, 343 F.3d at 1039 n.2 (9th Cir. 2003)). It is Plaintiff's burden to prove subject matter jurisdiction. *See Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994).

**IV.   Analysis**

Because Plaintiff chose to serve Defendants with his original Complaint rather than amend, only Counts One and Two remain. The Court interpreted Plaintiff's primary claim to be that "he was approved for a travel document, never received it, reapplied, then waited two years to learn USCIS suddenly couldn't help." Doc. 6 at 9. Accordingly, it interpreted

Count One to seek "a writ of mandamus or injunctive relief 'ordering USCIS to provide the Plaintiff's travel document' approved in 2021." *Id.* (citing Doc. 1 at 30). The Court interpreted Count Two "as a request to order USCIS to act consistently and approve Plaintiff's second application for parole." *Id.* In finding the Counts stated a claim, the Court accepted Plaintiff's factual allegations as true. Defendant challenges Plaintiff's factual allegations and argues the Court lacks subject matter jurisdiction over the remaining Counts for two reasons: Plaintiff lacks standing as to Count One, and Count Two is moot. The Court agrees.

### A. Plaintiff Lacks Standing as to Count One

A Plaintiff must have standing for a Court to properly exercise power over a case. *See, e.g.*, *Lujan v. Defs. of Wildlife*, 504 U.S. 555, 560 (1992) ("[T]he core component of standing is an essential and unchanging part of the case-or-controversy requirement of Article III."). To establish standing, a Plaintiff must show "(i) that he suffered an injury in fact that is concrete, particularized, and actual or imminent; (ii) that the injury was likely caused by the defendant; and (iii) that the injury would likely be redressed by judicial relief." *TransUnion LLC v. Ramirez*, 594 U.S. 413, 423 (2021). Defendants argue Plaintiff lacks standing because he cannot establish an injury in fact, and his requested relief will not redress his claimed harm.

*1. Injury in fact*

To establish an injury in fact, a Plaintiff must have "personally suffered a concrete and particularized injury in connection with the conduct about which he complains." *Trump v. Hawaii*, 585 U.S. 667, 697 (2018) (citing *Spokeo, Inc. v. Robins*, 578 U.S. 330, 339 (2016)); *see also Lujan*, 504 U.S. at 560 (defining injury in fact as "an invasion of a legally protected interest which is . . . concrete and particularized"). Defendants argue that because "foreign nationals seeking admission have no constitutional right to entry," Plaintiff has failed to demonstrate the requisite infringement of a legally cognizable interest. Doc. 15 at 8–9 (quoting *Trump*, 585 U.S. at 703). In support of this argument, Defendants cite

several cases establishing that there is limited judicial review over policies towards noncitizens, and noncitizens lack standing to challenge the determinations associated with their visa applications. *See* Doc. 15 at 8–9, n. 5.

The Government is correct. Case law is clear that noncitizens have no constitutional right of entry into the United States. *Trump*, 585 U.S. at 703. Case law also suggests non-resident non-citizens lack standing to challenge determinations related to their visa applications, and those determinations are otherwise not subject to judicial review. *See Li v. Eddy*, 259 F.3d 1132, 1136 (9th Cir. 2001) ("A non-citizen has no constitutional due process right to challenge her immigration status or to petition for entry into the United States [when] she is a non-resident alien seeking entry at the border into the United States."), *vacated as moot*, 324 F.3d 1109 (9th Cir. 2003); *Van Ravenswaay v. Napolitano*, 613 F. Supp. 2d 1, 5 (D.D.C. 2009) ("[T]here is a long line of cases explaining that non-resident aliens lack standing to challenge the determinations associated with their visa applications, which belong to the political and not judicial branches of government."); *Patel v. Reno*, 134 F.3d 929, 931 (9th Cir. 1997) ("Normally a consular official's discretionary decision to grant or deny a visa petition is not subject to judicial review.").

Count One does not challenge the determination on Plaintiff's first Form I-131. Instead, Count One asks the Court to order Defendants to provide Plaintiff with the 2021 travel document all parties agree USCIS approved, even if erroneously. *See* Doc. 1 at 30; *see also* Doc. 15 at 4; Doc. 15-1 at 3. There is some case law to suggest that, at the very least, the failure to adjudicate visa applications is subject to judicial review. *See M.J.L. v. McAleenan*, 420 F.Supp.3d 588, 596 (W.D. Tex. 2019) (concluding, in the context of U-visas, that "a discretionary decision to grant or deny an application is distinct and separate from the nondiscretionary duty to adjudicate those applications"); *Saini v. U.S. Citizenship & Immigr. Servs.*, 553 F. Supp. 2d 1170, 1176 (E.D. Cal. 2008) (concluding, in the context of an Form I-485 application, "that the duty to act on an application, as opposed to what action will be taken, is not discretionary on the part of the USCIS"); *INS v. St. Cyr*, 533 U.S. 289, 307–08 (2001) (recognizing that, traditionally, "[e]ligibility that was 'governed

by specific statutory standards' provided 'a right to a ruling on an applicant's eligibility,' even though the actual granting of relief was 'not a matter of right under any circumstances, but rather is in all cases a matter of grace'" (quoting *Jay v. Boyd*, 351 U.S. 345, 353–54, (1956)), *superseded by statute*, REAL ID Act of 2005, Pub. L. No. 109-13, 119 Stat. 231. Several courts have found that a failure to process visa applications can constitute an injury in fact. *Filazapovich v. Dep't of State*, 560 F. Supp. 3d 203, 225 (D.D.C. 2021) ("[T]he Immigration and Nationality Act ("INA") does, in fact, require that 'immigrant visa applications shall be reviewed and adjudicated by a consular officer.' The statute thus grants Plaintiffs a procedural right to have their diversity applications adjudicated, and a procedural injury can be sufficient to establish standing." (quoting 8 U.S.C. § 1202(b)). *See also Patel v. U.S. Citizenship & Immigr. Servs.*, 732 F.3d 633, 638 (6th Cir. 2013) (finding a "lost opportunity [receive an immigrant visa] is itself a concrete injury"). Here, Plaintiff challenges neither USCIS's decision nor the failure to adjudicate his application. But the failure to mail Plaintiff his travel document—though Defendants attest the document was, in fact, mailed—seems to be a procedural failure akin to the failure to adjudicate the application at all. For the sake of argument, the Court will assume without deciding that Plaintiff has established an injury in fact.

2. *Redressability*

Regardless of whether Plaintiff has established an injury in fact, he lacks standing as to Count One because Plaintiff's requested judicial intervention, ordering USCIS to provide the 2021 travel document, will not redress his injury. Redressability requires a plaintiff to show he "would benefit in a tangible way from the court's intervention." *Warth v. Seldin*, 422 U.S. 490, 508 (1975); *see also Juliana v. United States*, 947 F.3d 1159, 1170 (9th Cir. 2020) ("To establish Article III redressability, the plaintiffs must show that the relief they seek is both (1) substantially likely to redress their injuries; and (2) within the district court's power to award."). Defendant correctly argues that "delivery of an expired travel document would not grant Plaintiff entry to the United States." Doc. 15 at 9.

All parties have acknowledged Plaintiff's 2021 travel document expired two years before he brought this action. *See* Doc. 1 ¶ 47; Doc. 15 at 4. Plaintiff's Response to Defendants' Motion to Dismiss asserts that he currently has a "valid approval and [it] is not expired." Doc. 22 at 6.[4] Defendants have provided proof that the originally issued travel document expired on May 18, 2022. *See* Doc. 15-1 at 12. The document explicitly states that "[p]resentation of the original of this document prior to May 18, 2022 allows a Customs and Border Protection (CPB) Inspector at a port of entry to parole the named bearer . . . into the United States." *Id.* Ordering Defendants to provide Plaintiff an expired document would be pointless. It would not provide him a mechanism for entry into the United States or otherwise impact his future chances of being admitted into the United States. Accordingly, Plaintiff lacks standing as to Count One, and Count One is dismissed.

### B. Count Two is Moot

If a controversy is moot, courts lack subject matter jurisdiction to decide the claims. *In re Burrell*, 415 F.3d 994, 998 (9th Cir. 2005). "A case is moot when the issues presented are no longer 'live' or the parties lack a legally cognizable interest in the outcome." *Greer v. Cty. of San Diego*, 127 F.4th 1216, 1223 (9th Cir. 2025) (quoting *City of Erie v. Pap's A.M.*, 529 U.S. 277, 287 (2000)). *See also Picrin-Peron v. Rison*, 930 F.2d 773, 775 (9th Cir. 1991) (if a court is "without power to grant the relief requested, then [the] case is moot"). Defendants argue Count Two is moot because ICE has denied Plaintiff's second parole application. *See* Doc. 15 at 10.

---

[4] It is unclear if this argument related to the 2021 approved Form I-131 Plaintiff previously acknowledged expired in May 2022. Plaintiff references several other applications throughout his response and alleges that in October 2024, "USCIS approved, produced and mailed again the Plaintiff's travel document." Doc. 22 at 5. Defendants' Reply explains that, in October 2024, USCIS generated copies of the original 2021 documents for litigation purposes, which apparently generated copies to be mailed to Plaintiff. *See* Doc. 21 at 2; Doc. 21-1 ¶ 6. Because Defendants have provided evidence showing there was no adjudication of a new Form I-131 in October 2024, the Court need not accept Plaintiff's unsupported allegations that he has a valid and approved application. Even accepting Plaintiff's assertions, the Court interpreted Count One to request only that the original 2021 travel document be mailed to Plaintiff, and Plaintiff moved forward with the original Complaint under this interpretation. Accordingly, the only issue is whether mailing the original 2021 travel document would redress Plaintiff's injury.

The Complaint alleges that USCIS never adjudicated Plaintiff's second Form I-131, instead transferring his case to ICE in May 2024. *See* Doc. 1 ¶ 46–52. Count Two asks the Court to order USCIS to review his 2022 application for re-parole "as they adjudicated and approved the first application." Doc. 1 at 30. In screening the Complaint, the Court reasoned that, accepting Plaintiff's allegations as true, he successfully stated a claim for arbitrary and capricious action because USCIS "produced an inconsistent result under identical circumstances" and undue delay because "Plaintiff was approved for a travel document in May 2021 and still has not received it over three years later." Doc. 6 at 11–12. Defendants have now provided evidence to show that, although Plaintiff's original Form I-131 should have been processed by ICE, USCIS erroneously processed and approved it. *See* Doc. 15 at 5–6; Doc. 15-1. Accordingly, it was proper to transfer Plaintiff's second Form I-131 to ICE. Defendants have provided evidence that ICE denied Plaintiff's Form I-131 on October 18, 2024. *See* Doc. 15-1 at 9, 14. Because Plaintiff's application for parole has already been denied, the Court cannot order that it be adjudicated. The Court is without the power to grant Plaintiff's requested relief.

To the extent Plaintiff is asking the Court to order Defendants to have his Form I-131 adjudicated *favorably*, the Court lacks the power to do this. The APA does not apply when "statutes preclude judicial review" or "agency action is committed to discretion by law." 5 U.S.C. §§ 701(a). The INA defines the relief plaintiff seeks as discretionary and explicitly precludes judicial review. *See* 8 U.S.C. § 1182(d)(5)(A) ("The Secretary of Homeland Security may . . . in his discretion parole into the United States temporarily under such conditions as he may prescribe only on a case-by-case basis for urgent humanitarian reasons or significant public benefit any alien applying for admission to the United States . . . ."); § 1252(a)(2)(B) ("[N]o court shall have the jurisdiction to review . . . any other decision or action of the Attorney General or the Secretary of Homeland Security the authority for which is specified under this title to be in the discretion of the Attorney General or the Secretary of Homeland Security . . . ."). The case law is clear: the Court does not have the jurisdiction to review the denial of Plaintiff's advance parole application.

*See, e.g.*, *Hassan v. Chertoff*, 593 F.3d 785, 789 (9th Cir. 2010) (affirming district court's holding "that it lacked jurisdiction to consider the issue because the revocation of advance parole, like the grant of advance parole, is discretionary"); *Patel*, 134 F.3d at 931.

### V.     No Leave to Amend

For the above reasons, the Court will grant Defendants' Motion to Dismiss. The Court previously dismissed three of Plaintiff's Counts with leave to amend. *See* Doc. 6 at 13–16. Plaintiff chose to move forward and serve Defendants with his two remaining Counts. *See* Docs. 8–12. The original Complaint referred to a petition for "U nonimmigrant" classification and an application for asylum with USCIS. *See* Doc. 1 ¶ 71. Plaintiff's Reply to the Motion to Dismiss alleges he has an "I-918 Application for U Nonimmigrant status" and an "I-192 Application for Advance permission to enter as a Nonimmigrant" still pending. *See* Doc. 17. Plaintiff's assertions are unsupported. Defendants have provided evidence to show USCIS denied Plaintiff's Form I-918 on November 26, 2024, and denied his Form I-192 on February 25, 2025. *See* Doc. 21-1 ¶ 4; *id.* at 9, 14–15. It appears Plaintiff has filed several other forms and applications, all of which have been denied. *See generally* Doc. 21-1. As explained above, the Court cannot review these denials, and there appears to be no further action for the Court to take. Because granting leave to amend would be futile, the Court will dismiss this action with prejudice. *See AmeriSourceBergen Corp. v. Dialysist W., Inc.*, 465 F.3d 946, 951 (9th Cir. 2006) ("[A] district court need not grant leave to amend where the amendment . . . is futile.").

///
///
///
///
///
///
///
///

## V. Order

Accordingly,

**IT IS ORDERED granting** Defendants' Motion to Dismiss (Doc. 15). Counts One and Two and this action are dismissed with prejudice. The Clerk of Court shall enter judgment accordingly.

Dated this 17th day of September, 2025.

_John C. Hinderaker_
United States District Judge